UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

_____
Samuel FOSU                    )
  (A#207 195 982)              )
Plaintiff                      )
                               )
  v.                           )   Case No. 1:22-cv-10129
                               )
                               )
                               )
DENIS RIORDAN,                 )
  Boston Field Director        )
EDUARDO AGUIRRE,               )
  Director, USCIS;             )
ALEJANDRO MAYORKAS,            )
  Secretary,                   )
  Department of Homeland Security; )
MERRICK GARLAND,               )
  U.S. Attorney General;       )
Defendants                     )
_____)

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS**

NOW COMES the Plaintiff, in the above-mentioned and numbered cause of action and would show unto the Court the following:

1. This action is brought against the Defendants to compel action on the I-485 application for adjustment of status (Form I-485) and I-130 properly filed by the Plaintiff, Samuel Fosu. The Plaintiff's application remains within the jurisdiction of the Defendants who have denied relief and refused to refer to an Immigration Judge. The Plaintiff has requested to be placed in removal proceedings multiple times. USCIS has improperly withheld action on the

application for an unreasonable period of time, to the detriment of the Plaintiff and has refused to give the Plaintiff an opportunity to be heard by an Immigration Judge.

# PARTIES

2. Plaintiff, Samuel Fosu, resides in Massachusetts.

3. Defendant Denis Riordan is the Director of the Boston and Lawrence field office for USCIS and this action is brought against him in his official capacity. He is responsible for administration of immigration benefits and services including the processing of applications for immigrant visas and asylum petitions.

4. Defendant Eduardo Aguirre is the Director of the U.S. Citizenship and Immigration Services ("USCIS ") and is responsible for administration of immigration benefits and services including the processing of applications for immigrant visas and asylum petitions.  The USCIS oversees the activities of the individual Service Centers.

5. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security ("DHS").  He is charged with, among other things, administering the USCIS and the implementation and enforcement of the Immigration and Nationality Act, 8 USC § 1101 *et seq.* ("INA").  As a result of this position, Secretary Mayorkas has the ultimate decision-making authority over all matters alleged in this petition.  8 USC § 1103 (a)(1)-(6).

6. Defendant Merrick Garland is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC §1103(a). USCIS is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

## **JURISDICTION**

7. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction). The Federal Court had subject matter jurisdiction to hear this case as there is a claim that arises "under the Constitution, laws, or treaties of the United States," and is thus within the jurisdiction granted to the district courts under 28 U.S.C. § 1331.

8. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action …unreasonably delayed,' 5 U.S.C. § 706(1).").

9. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis

added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. See *Matter of Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); see also *First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

10. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District of Massachusetts, where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred and where Defendants have agents.

## EXHAUSTION OF REMEDIES

11. The Plaintiff has exhausted his administrative remedies. The Plaintiff has provided all necessary information in order for the Defendants to make a decision on his application. The Plaintiff is owed a duty – to be placed in front of an Immigration Judge to hear his matter. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's request for more than 2 years. The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to refer his case. To date, Plaintiff has been unable to adjust status.

## FACTS

12. This action is brought against the Defendants to compel action on the I-485 application and refer the Plaintiff to the Immigration Judge.

13. Plaintiff sent a request to the Lawrence Field Office in October 2019, September 2020 and December 2021.

14. The Defendants have improperly withheld action on said applications and refused to refer the case to the Immigration Judge thereby blocking his

ability to apply for other forms of relief. The Plaintiff is married to a U.S. citizen.

## CAUSE OF ACTION

15. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 245. Plaintiff has provided all necessary evidence establishing prima facie eligibility for relief. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to act on the Plaintiff's application, thereby depriving the Plaintiff of his right to have an Immigration Judge review his decision on his immigration status and apply for other applicable relief.

16. The Plaintiff has been greatly damaged by the failure of Defendants to act in accordance with their duties under the law.

    a. The Plaintiff has been deprived of his right to have an adjustment of status application adjudicated.
    b. The Plaintiff has been denied due process rights under the Fifth amendment.
    c. The Plaintiffs have been unable to establish his life in the United States with his family.
    d. The Plaintiff has been unable to leave the United States and visit his family abroad.

17. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); Citizens for Ethics and Responsibility in *Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu v. Novak, 509 F. Supp. 2d 1, 10 (D.D.C. 2007)* (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] …does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'")(quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) ("[T]he Court concludes that CIS has a legal obligation

to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

18. The Defendant USCIS has unreasonably failed to take action on the Plaintiff's application for over two years, thereby depriving the Plaintiff of his rights. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 555(b) and 706(1), are unlawfully withholding or unreasonably delaying action on Plaintiffs' petition and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

19. The Administrative Procedure Act (APA), also gives a court power to "hold unlawful and set aside not only agency action that is 'arbitrary' or 'capricious,' but also agency action that is 'otherwise not in accordance with law' or is 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.'" 5 USC § 706; *Cousins v. Sec'y of the United States Dep't of Transp.,* 880 F.2d 603, 608 (1st Cir.1989).

20. The Defendants owe the Plaintiff a duty and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of an adjustment application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

21. The Court's intervention is appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509

F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time).

22. Accordingly, the Plaintiff has suffered irreparable harm and has been forced to retain the services of an attorney to pursue the instant action. Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER

23. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a)   Requiring Defendants to act on Plaintiff's application and place in removal proceedings.

   (b)   Awarding Plaintiffs reasonable attorney's fees under EAJA; and

   (c)   Granting such other relief at law and in equity as justice may require.


Location:   Framingham, MA

Respectfully submitted,
/s/ Saher Macarius, Esq.
Saher Macarius
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Phone: (508) 879-4443
BBO#567460